UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID R. HAWKE,

    Petitioner,                                CASE NO. 2:06-14111
                                               HONORABLE PAUL D. BORMAN
v.                                                  UNITED STATES DISTRICT JUDGE

PAUL KLEE,

    Respondent.
_____/

## OPINION AND ORDER DENYING (1) THE PETITION FOR WRIT OF HABEAS CORPUS; (2) A CERTIFICATE OF APPEALABILITY; AND (3) THE MOTION FOR RELEASE PENDING HABEAS CORPUS REVIEW

David R. Hawke, ("petitioner"), presently confined at Camp Lehman in Grayling, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed by attorney Stuart G. Friedman, petitioner challenges his conviction for aggravated stalking, M.C.L.A. 750.411i(2)(a); and being a second felony habitual offender, M.C.L.A. 769.10. For the reasons stated below, the application for a writ of habeas corpus is DISMISSED WITH PREJUDICE. The Court will also deny petitioner a certificate of appealability. Finally, the Court will deny the motion for release pending habeas corpus review.

I. BACKGROUND

On June 28, 2001, petitioner entered a plea of *nolo contendere* to one count of aggravated stalking and being a third felony habitual offender. In exchange for his plea, additional charges of aggravated stalking would be be dismissed, the plea would be taken under advisement, and petitioner would be sentenced one year from the date of the plea. During the interim, petitioner was to abide by certain conditions set forth in the plea agreement. If petitioner complied with

1

these conditions, he would later be sentenced to a charge of misdemeanor stalking and to a period of probation. Conversely, if petitioner was found to have violated any of the conditions, petitioner would immediately be sentenced on the original felony charge of aggravated stalking. Petitioner would also receive a mandatory prison sentence with the exact amount of prison time to be determined by the trial court judge.

On November 21, 2001, a hearing was held on the prosecutor's motion to revoke bond and to have petitioner sentenced on the felony charge of aggravated stalking because petitioner had violated the conditions of the agreement. Following the hearing, the trial court judge determined that petitioner violated the conditions of the plea agreement. The court indicated that petitioner would be sentenced on the original felony charge of aggravated stalking and cancelled petitioner's bond.

On the date of sentencing, the trial court judge determined that petitioner had only one prior felony conviction and could therefore be sentenced only as a second felony habitual offender. Petitioner was sentenced as a second habitual offender to 5-to-7 ½ years for aggravated stalking.

Petitioner's conviction and sentence was affirmed on appeal. *People v. Hawke,* No. 241018 (Mich.Ct.App. June 12, 2002); *reconsideration den.* No. 241018 (Mich.Ct.App. August 1, 2002); *lv. den.* 467 Mich. 953; 656 N.W. 2d 528 (2003); *reconsideration den.* 467 Mich. 953; 662 N.W. 2d 752 (2003).

Petitioner, through counsel, then filed a post-conviction motion for relief from judgment with the trial court pursuant to M.C.R. 6.500, *et. seq.*, which was denied. *People v. Hawke,* No. 01-1774 (Wayne County Circuit Court, Criminal Division, June 28, 2004); *reconsideration den.,*

No. 01-1774 (Wayne County Circuit Court, Criminal Division, October 6, 2004). The Michigan appellate courts denied petitioner leave to appeal. *People v. Hawke,* No. 260334 (Mich.Ct.App. August 18, 2005); *reconsideration den.,* No. 260334 (Mich.Ct.App. October 14, 2005); *lv. den.* 475 Mich. 867; 714 N.W.2d 303(2006); *reconsideration den.,* 476 Mich. 869, 720 N.W.2d 301 (2006).

Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

I. Was defendant denied his constitutional right to effective assistance of appellate counsel by counsel's failure to present obvious issues to the appellate court?

II. State counsel was ineffective in failing to bring out the fact that petitioner was suffering from a chemical imbalance at the time of his original sentencing which created a false appearance concerning the defendant's attitude and demeanor.

III. Defendant's sentence constitutes cruel and unusual punishment.

**II.    STANDARD OF REVIEW**

28 U.S.C. §2254(d) imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
    (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
    (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable

application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

**III. ANALYSIS**

**A. Claims # 1 and # 2. The ineffective assistance of counsel claims.**

The Court will consolidate petitioner's ineffective assistance of counsel claims for purposes of judicial economy. In his first claim, petitioner alleges that he was denied the effective assistance of appellate counsel. In his second claim, petitioner alleges that his trial counsel was ineffective at sentencing.

To prevail on his ineffective assistance of counsel claims, petitioner must show that the state court's conclusion regarding these claims was contrary to, or an unreasonable application of, *Strickland v. Washington*, 466 U.S. 668 (1984). *See Cathron v. Jones,* 190 F. Supp. 2d 990, 996 (E.D. Mich. 2002). *Strickland* established a two-prong test for claims of ineffective assistance of counsel: the petitioner must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 687. The *Strickland* standard applies as well to claims of ineffective assistance of appellate counsel. *See Whiting v. Burt,* 395 F. 3d 602, 617 (6th Cir. 2005).

Petitioner first claims that his appellate counsel was ineffective for failing to raise two claims on his direct appeal. Petitioner first claims that his appellate counsel should have challenged his habitual offender conviction, on the ground that the predicate offense that was

4

used to enhance petitioner's sentence was no longer a felony offense under Michigan law, having been re-classified as a misdemeanor. Petitioner further claims that appellate counsel was ineffective in failing to move to have petitioner's *nolo contendere* plea withdrawn on a number of grounds.

Although these two claims were not raised on petitioner's direct appeal, these two claims were presented to the trial court and to the Michigan appellate courts as part of petitioner's post-conviction motion. The trial court and the Michigan appellate courts rejected the claims.[1]

Assuming that appellate counsel was deficient in failing to raise these claims on petitioner's direct appeal, petitioner is unable to show that he was prejudiced by appellate counsel's failure to raise these claims, in light of the fact that these same claims involving the alleged defects with the habitual offender charge and with the *nolo contendere* plea were presented to the Michigan trial and appellate courts on petitioner's post-conviction motion for relief from judgment and rejected by them. *See Hollin v. Sowders*, 710 F. 2d 264, 265-67 (6th Cir. 1983); *Johnson v. Warren,* 344 F. Supp. 2d 1081, 1096 (E.D. Mich. 2004); *Bair v. Phillips,* 106 F. Supp. 2d 934, 938, 943 (E.D. Mich. 2000); *See also U.S. ex rel. Malone v. Uchtman,* 445 F. Supp.2d 977, 989-90 (N.D. Ill. 2006)(petitioner was not prejudiced by appellate counsel's failure to raise claim on direct appeal because, as shown by state post-conviction court's rejection of claim, petitioner would not have fared better if underlying claims had been raised on direct appeal). The state courts' rulings on petitioner's motion for post-conviction relief

---

[1] *See* Petitioner's Brief in Support of Petition for Writ of Habeas Corpus, p. 12, n. 6; *See also* Petitioner's post-conviction applications for leave to appeal to the Michigan Court of Appeals and Michigan Supreme Court. [This Court's Dkt. Entries # 15 and 16].

granted petitioner an adequate substitute for direct appellate review and therefore his attorney's failure to raise these claims in petitioner's direct appeal did not cause him any injury. *Bair,* 106 F. Supp. 2d at 943 (citing *Gardner v. Ponte*, 817 F. 2d 183, 189 (1st Cir. 1987)). In this case, there is no point in remanding this case to the state courts to reconsider a case that they have already adversely decided. *Gardner*, 817 F. 2d at 189. Accordingly, petitioner's first claim is denied.

In his second claim, petitioner contends that his trial counsel was ineffective for failing to adequately explain to the trial court that petitioner's demeanor at sentencing was not caused by a "black heart" but was due to the fact that petitioner was suffering from a chemical imbalance due to the fact that petitioner had stopped taking Lithium for his mood swings.

Although the Supreme Court has never expressly extended *Strickland* to noncapital sentencing cases, the Sixth Circuit has applied it in that context. *See United States v. Stevens*, 851 F. 2d 140, 145 (6th Cir. 1988). "[A] failure to investigate, participate in, and prepare for the sentencing proceedings fails to satisfy an objective standard of reasonable representation and therefore falls below Sixth Amendment standards for effective assistance of counsel." *Arredondo v. United States,* 178 F. 3d 778, 788 (6th Cir. 1999). To establish a claim of ineffective assistance of counsel in the sentencing context, a defendant must show that:

> 1. counsel's representation fell below the objective standard of reasonableness; and;
> 2. there is a reasonable probability that, but for counsel's unprofessional errors, the result of the sentence would have been different.

*United States v. Harris,* 894 F. Supp. 20, 26 (D.D.C. 1995).

At least in the context of a capital case, the failure by counsel to present mitigating evidence at sentencing constitutes ineffective assistance of counsel. *Siebert v. Jackson,* 205 F.

6

Supp. 2d 727, 734 (E.D. Mich. 2002)(*citing to Skaggs v. Parker,* 235 F. 3d 261, 269 (6th Cir. 2000)).

A review of the sentencing transcript shows that petitioner's trial counsel did bring up petitioner's mental health history at sentencing. Trial counsel confirmed that the trial court had received and read a letter from petitioner's doctor. Counsel brought up the fact that petitioner had some mental problems. Counsel indicated that petitioner had been on medications which had been helping him, but was now only taking his Zoloft, something that petitioner's doctor thought had been a mistake to do. Counsel asked that the trial court take petitioner's mental health history into account in fashioning sentence. (Sent. Tr., pp. 6-9).

Because petitioner's counsel offered some mitigation evidence involving petitioner's prior mental health history at sentencing, petitioner is not entitled to relief on this claim. *See Martin v. Mitchell,* 280 F. 3d 594, 613 (6th Cir. 2002)(counsel in capital murder trial not ineffective for failing to investigate or prepare for mitigation phase of trial, where counsel presented some mitigation evidence at hearing). Accordingly, petitioner's second claim is denied.

**B. Claim # 3. The sentencing claim.**

Petitioner lastly claims that the sentence was disproportionate and amounted to cruel and unusual punishment.

In the present case, petitioner's sentence of five to seven and a half years was within the statutory limits for the offense of aggravated stalking and being a second felony habitual offender. A sentence imposed within the statutory limits is not generally subject to habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Robinson v. Stegall*, 157 F. Supp. 2d 802,

823 (E.D. Mich. 2001). A sentence within the statutory maximum set by statute does not normally constitute cruel and unusual punishment either. *Austin v. Jackson*, 213 F. 3d 298, 302 (6th Cir. 2000); *Johnson v. Smith,* 219 F. Supp. 2d 871, 884 (E.D. Mich. 2002).

Moreover, the U.S. Constitution does not require that sentences be proportionate. In *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991), a plurality of the U.S. Supreme Court concluded that the Eighth Amendment does not contain a requirement of strict proportionality between the crime and sentence. The Eighth Amendment forbids only extreme sentences that are grossly disproportionate to the crime. *Harmelin,* 501 U.S. at 1001.

Successful challenges to the proportionality of a particular sentence in non-capital cases are "exceedingly rare." *Rummel v. Estelle*, 445 U.S. 263, 272 (1980). Federal courts will therefore not engage in a proportionality analysis except where the sentence imposed is death or life imprisonment without parole. *See Robinson,* 157 F. Supp. 2d at 823 (citing *United States v. Thomas,* 49 F. 3d 253, 260-61 (6th Cir. 1995)). A claim that a sentence is imposed in violation of Michigan's sentencing law does not state a claim for relief in a habeas proceeding where there is no claim that the sentence violates the Cruel and Unusual Punishment Clause of the Eighth Amendment. *Id.* Petitioner's claim that his sentence is disproportionate under Michigan law thus would not state a claim upon which habeas relief can be granted. *Whitfield v. Martin,* 157 F. Supp. 2d 758, 761 (E.D. Mich. 2001).

Petitioner's related claim that the trial court failed to afford him individualized consideration of mitigating evidence on his behalf fails to state a claim upon which habeas relief can be granted, because the U.S. Supreme Court has limited its holding concerning mitigating evidence to capital cases. *Alvarado v. Hill,* 252 F. 3d 1066, 1069 (9th Cir.

2001)(*citing to Harmelin,* 501 U.S. at 996); *See also Engle v. United States,* 26 Fed. Appx. 394, 397 (6th Cir. 2001)(Eighth Amendment does not require consideration of mitigating factors at sentencing in non-capital cases). Because petitioner had no constitutional right to an individualized sentence, no constitutional error occurred because of the state trial court's failure to consider mitigating evidence on his behalf at sentencing. *See Hastings v. Yukins,* 194 F. Supp. 2d 659, 673 (E.D. Mich. 2002).

In this case, because petitioner's sentence falls within the statutory limits, petitioner is not entitled to habeas relief. *Robinson v. Stegall,* 157 F. Supp. 2d at 823.

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484.
For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because reasonable jurists would not find this Court's assessment of petitioner's claims to be debatable or wrong. *Johnson,* 219 F. Supp. 2d at 885.

### C. Petitioner's Motion for Release Pending Habeas Corpus Review.

Petitioner has also filed a motion to be released on bond.

To receive bond pending a decision on the merits of a habeas corpus petition, a petitioner must show a substantial claim of law based on the facts and exceptional circumstances justifying special treatment in the interest of justice. *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993)(*quoting Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990)); *See also Nash v. Eberlin,* 437 F. 3d 519, 526, n. 10 (6th Cir. 2006). There will be few occasions where a habeas petitioner meets this standard. *Dotson*, 900 F. 2d at 79. Federal courts may grant bail when granting the writ. *See Sizemore v. District Court,* 735 F. 2d 204, 208 (6th Cir. 1984). By implication, a federal court should not grant bail under other circumstances. In light of the fact that petitioner failed to establish that he would prevail on the merits of his claims, he is not entitled to release on bail. *See Nieves v. Thomas,* 256 F. Supp. 2d 169, 171 (S.D.N.Y. 2003).

## IV. CONCLUSION

Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus. The Court further **DENIES** a certificate of appealability.

The Court further **DENIES** the Motion for Release Pending Habeas Corpus Review. [Dkt. Entry # 5].

**SO ORDERED.**

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: September 6, 2007

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on September 6, 2007.

                                                        s/Denise Goodine
                                                        Case Manager